**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RICHARD PENNER,

    Plaintiff,

v.                                                  CASE NO: 8:13-cv-2539-T-26MAP

INDYMAC BANK, F.S.B.,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant OneWest Bank FSB's[1] Motion to Dismiss Complaint. (Dkt. 9). The time has passed for a response pursuant to Local Rule 3.01(b) and the Court finds the motion well-taken. After careful consideration of the well-pleaded allegations of the Complaint, the applicable law, and the entire file, the Court concludes that the motion should be granted.

**ALLEGATIONS OF THE COMPLAINT**

---

[1] The named Defendant, IndyMac Bank FSB, was closed on July 11, 2008, and the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver. On March 19, 2009, the FDIC entered into a Loan Sale Agreement with OneWest conveying rights, title and interest in, to, and under the Loans to OneWest. See docket 9, p. 1 n. 1.

Plaintiff Richard Renner executed a mortgage and promissory note with IndyMac Bank FSB[2] on May 16, 2006.[3] Renner alleges he disclosed an annual income of $60,000, and received a mortgage for $328,000.[4] Renner alleges that his income decreased; however, the Bank "has not filed suit or taken action on any alleged delinquency."[5] After obtaining a forensic mortgage audit report in April 2011, Renner, through counsel, sent the Bank a "Qualified Written Request, Complaint, Dispute of Debt and Validation of Debt Letter, TILA Request."[6] The Bank never responded.[7] In February 2013, Renner, through counsel, notified the Bank of potential federal lending law violations and requested the Bank look for available loan modification and restructuring programs.[8]

Renner filed a three-count complaint in state circuit court in August 2013, and the Bank removed the action to this Court. The complaint seeks damages in the amount of $118,387.71 plus interest, costs, and attorney's fees. The first count alleges specific violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617 (the

---

[2] The proper entity that holds the mortgage and note will be referred to as the Bank.

[3] See docket 2, para. 1.

[4] See docket 2, para. 3 & Exh. A.

[5] See docket 2, paras. 4 & 5.

[6] See docket 2, paras. 6 & 7 & Exh. C.

[7] See docket 2, para. 8.

[8] See docket 2, para. 9 & Exh. D.

RESPA).  Some of the violations include the failure to provide initial disclosures, to disclose affiliated business arrangements, to limit the origination fee to 1%, and to follow industry underwriting standards of the typical debt-to-income ratio of 28-36%.  The second count sets forth recovery for the RESPA violations under a theory of negligence.  The last count attempts to quiet title and reform the mortgage and deed to the property encumbered by the note and mortgage at issue.  Renner and his wife took title in January 2005 by a warranty deed from the Mercers.  In August 2011, Renner's wife quitclaimed her interest in the property to him.

## PLEADING STANDARD

The Bank seeks to dismiss all three counts of the complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) as well as the running of the statute of limitations on the first two counts.  Under the law, "more than labels and conclusions" are necessary, and "a formulaic recitation of the elements of a cause of action will not" withstand a motion to dismiss.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1965, 167 L.Ed.2d 929 (2007).  The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its own judicial experience and common sense."  Iqbal, 556 U.S. at 679.  Apart from stating a claim for

relief, a complaint may be dismissed pursuant to Rule 12(b)(6) on the grounds of the affirmative defense of the statute of limitations "if it is 'apparent from the face of the complaint' that the claim is time-barred." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845-46 (11th Cir. 2004) (citations omitted).

## ANALYSIS

Count I for RESPA violations fails to state a claim for relief because actual damages have not been alleged, nor has a causal connection between any such damages and the RESPA violation been shown. See Jackson v. Owen Loan Servicing, LLC, No. 11-60560, 2012 WL 882493, at *2-3 (S.D. Fla. Mar. 14, 2012) (citing Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010) (unpublished opinion)). The complaint alleges in a conclusory fashion that "as a result of [the Bank's] failures and violations of federal law, Renner has sustained damages." The wherefore clause demands the specific amount of damages of $118,387.71, without identification of what this number represents or the nature of the damages. Thus, even if the complaint alleged sufficient facts to show the Bank's noncompliance with RESPA, which it does not, the claim fails to supply notice of how Renner suffered any injury and what caused those injuries, i.e., whether the injuries were the result of the violations of RESPA.

Apart from the vagueness of Count I, the allegation that the Bank failed to provide a good faith estimate at closing must fail because section 2604 does not create a private right of action. See Frazile, 382 F. App'x at 836 (citing Collins v. FMHYA-USDA, 105

F.3d 1366, 1368 (11th Cir. 1997)).  The complaint also references §§ 2603,[9] 2605 and 2607.  Section 2605 requires that notice be given of any assignment, sale or transfer of the servicing of the loan to another entity.  The statute of limitations for § 2605 is three years from the date of loan origination.  See 12 U.S.C. § 2614; McCarley v. KPMG Int'l, 293 F. App'x 719, 722 (11th Cir. 2008) (unpublished opinion).  Section 2607 prohibits kickbacks and unearned fees.  The statute of limitations for a claim brought under § 2607 is one year from the loan origination.  See 12 U.S.C. § 2614; Moreno v. Lehman Bros. Bank, FSB, No. 6:12-cv-1199-Orl-37DAB, 2012 WL 6645015, at *2 (M.D. Fla. Dec. 20, 2012); Carlsen v. OneWest Bank FSB, No. 10-80986-Civ, 2010 WL 4123573, at *2 (S.D. Oct. 20, 2010).

The loan originated on May 19, 2006.  This lawsuit was filed in state court on August 19, 2013, over seven years later.  Thus, assuming the allegations of the complaint as true, it is apparent from the face of the complaint and the attachments that all claims purportedly raised in count I are time-barred.  See Smith v. Ocwen Fin., 488 F. App'x 426, 428 (11th Cir. 2012) (unpublished opinion) (citing La Grasta in support of Rule

---

[9] Section 2603 directs the Bureau of Consumer Financial Protection to publish a uniform settlement statement for disclosure to be used in all mortgage loan transactions. Although the Eleventh Circuit has not specifically held that no private cause of action exists under section 2603, such a conclusion would be in keeping with its reasoning that no private right of action exists under section 2604.  See In re Salvador, 456 B.R. 610, 622 (Bankr. M.D. Ga. 2011) (noting this fact and citing Collins for the proposition that because section 2614 regarding statutes of limitation is silent as to actions under section 2603, no private right of action exists).

12(b)(6) dismissal on statute of limitations grounds if affirmative defense "is apparent from face of complaint"). Consequently, count I is dismissed with prejudice.

Count II fails to state a claim for negligence under Florida law because the Bank as creditor owes no special or fiduciary duty to Renner as the debtor in the conduct of the loan transaction at issue. See Maxwell v. First United Bank, 782 So.2d 931, 934 (Fla.Dist.Ct.App. 2001) (holding that generally no fiduciary duty is owed by bank to borrower unless a special relationship exists); Capital Bank v. MVB, Inc., 644 So.2d 515, 518 (Fla.Dist.Ct.App. 1994) (same). The complaint alleges merely that Renner was a customer of the Bank and that the Bank owes a duty of ordinary care. No special relationship has been alleged.

Even assuming count II alleges a claim for negligence, the complaint shows on its face that the limitations period has passed. Under Florida law, a claim for negligence must be brought within four years after the incident. See Fla.Stat. § 95.11(3); Nale v. Montgomery, 768 So.2d 1166, 1167 (Fla.Dist.Ct.App. 2000). Count II alleges that the Bank breached a duty by failing to provide Renner with mandatory disclosures. Thus, the cause of action accrued when the loan transaction took place in May 2006, and the action was not filed until more than seven years later. As such count II is time-barred.

Count III fails to state a claim to quiet title because RESPA violations may not be relied upon to challenge the validity of a mortgage. Section 2615 of RESPA provides as follows:

>Nothing in this chapter shall affect the validity or enforceability of any sale or contract for the sale of real property or any loan, loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan.

12 U.S.C. § 2615. Count III is therefore dismissed with prejudice.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)   Defendant OneWest Bank FSB's Motion to Dismiss Complaint (Dkt. 9) is **GRANTED**.

(2)   The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on November 8, 2013.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record